UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Grant Gilmore, Pro Se | Jonathan Weiss |
| | Lynette Winston |
| | Lois Jacobs |
| | Mikel Glavinovich |

**Proceedings:**      **DEFENDANTS' MOTIONS TO DISMISS** (filed October 16 and 22, 2012)

## I.      INTRODUCTION

On September 13, 2012, plaintiff Grant Gilmore filed suit against defendants American Mortgage Network, Inc. ("AmNet"), JPMorgan Chase Bank, SBMC Mortgage ("SBMC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), California Reconveyance Company ("CRC"), U.S. Bank N.A. as Trustee, Successor in Interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank N.A. as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-05 Trust ("US Bank"), Deborah Brignac, Vice President of MERS, Loren Lopez, and Does 1–10. Dkt. No. 1.  In a lengthy complaint, plaintiff brings claims for (1) a temporary restraining order and injunctive relief; (2) breach of contract; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; (4) violation of Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; (5) violation of the California Rosenthal Fair Debt Collect Practices Act, Cal. Civil Code §§ 1788 et seq. ; (6) quiet title; (7) wrongful foreclosure; (8) set aside of the trustee's sale; (9) cancellation of the trustee's deed; (10) slander of title; (11) civil conspiracy; (12) unfair business practices pursuant to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (13) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq.; (14) constructive trust; and (15) fraud.  The gravamen of plaintiff's complaint is that defendants unlawfully sold his real property at a foreclosure sale in February 2002.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|----------|---------------------|------|-------------------|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

On October 16, 2012, defendants California Reconveyance, JPMorgan, Loren Lopez, MERS, and US Bank filed a motion to dismiss. Dkt. No. 10. Brighnac filed a separate motion to dismiss on that same date. Dkt. No. 15. Wells Fargo Bank, N.A., successor in interest to American Mortgage Network, Inc., formerly a wholly-owned subsidiary of Wachovia Bank, N.A. ("Wells Fargo") (erroneously sued as "American Mortgage Network, Inc.") ("AmNet") filed a motion to dismiss on October 22, 2012. Dkt. No. 18. Defendant SBMC filed a motion to dismiss on October 26, 2012. Dkt. No. 21. Plaintiff filed oppositions to Wells Fargo's motion and to the motions of the other moving defendants on November 19, 2012. Dkt. Nos. 31, 32. Defendants filed replies on November 26 and 29, 2012. Dkt. Nos. 28, 29, 33, 34. The Court held a hearing on December 10, 2012. After considering the parties' arguments, the Court finds and concludes as follows.[1]

## II.    BACKGROUND

Plaintiff resides at 5949 Spring Valley Road, Hidden Hills, CA 91302 ("the Property"). He alleges that he purchased this property in January 2007 using funds acquired from a loan made by SBMC. Compl. ¶ 20. A deed of trust was recorded in the Los Angeles County Recorder's Office on February 16, 2007. Id.; Compl. Ex. 3 (Deed of Trust). The promissory note secured by the deed of trust was in the amount of $1,610,000. MERS is identified as the beneficiary under the deed, SBMC as the lender, and T.D. Servicing Co as the trustee. Id. Ex. 3.[2]

Plaintiff alleges that the only assignment of this deed occurred two years later, on February 12, 2009, when MERS assigned all beneficial interest under the deed of trust to

---

[1] On December 6, 2012, plaintiff filed a request for a thirty-day enlargement of time to respond to defendants' motions to dismiss. The Court DENIES this untimely request.

[2] Although plaintiff does not allege as much, it appears that plaintiff also took out a second loan at this time, in the amount of $325,000. The lender and trustee of this loan was National City Mortgage, a division of National City Bank. No further action appears to have been taken in regards to this loan, and it is unclear whether plaintiff was current or in default on his payments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

LaSalle Bank, N.A. as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-05 Trust. Id. Ex. 1; Def.'s RJN Ex. B. On this same date, LaSalle Bank as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-05 Trust by JPMorgan Chase, N.A., as attorney-in-fact, recorded a substitution of trustee, naming CRC as the new trustee for the deed of trust. Compl. ¶ 23; Def.'s Request for Judicial Notice ("RJN") Ex. D.[3] Although not contained within plaintiff's allegations, CRC also caused to be recorded a notice of default and election to sell under deed of trust, informing plaintiff that he had an outstanding past due payments in the amount of $86,265.69 as of that date. Def.'s RJN Ex. C.

---

[3]Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Though a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not. . .accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell, 266 F.3d at 988; Neilson v. Union Bank of California, N.A. 290 F. Supp.2d 1101, 1114) (C.D. Cal. 2003) (finding judicial notice proper where plaintiffs relied on the terms of a contract in their complaint, defendants submitted the contract with their complaint, and authenticity was undisputed). Here, the exhibits submitted in connection with defendants' RJN all pertain to matters of public record, affixed with the seal of the Los Angeles County Recorder. Plaintiff has not disputed the authenticity of these documents, other than his contention that the documents contain forged signatures, as discussed in greater detail *infra*. Accordingly, the Court GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

CRC recorded four separate notices of trustee's sale on May 13, 2009, May 27, 2010, May 20, 2011, and December 7, 2011.  Compl. ¶¶ 24, 25.; Defs.' RJN Exs. E–H.[4] The property was then sold at a trustee's sale on February 7, 2012, to the "grantee beneficiary," U.S. Bank, for $943,000.  Defs.' RJN Ex. I.  At bottom, plaintiff alleges that defendants engaged in a pattern of unlawful activity, by representing they had the right to payment under the note, when in fact defendants were not in possession of the note or otherwise entitled to payment under the note.

Judicially-noticed documents, which plaintiff does not dispute the authenticity of, demonstrate that plaintiff first obtained a loan secured by the property in June 2006, when he obtained two loans from AmNet, one in the amount of $1,470,000 and the other in the amount of $420,000.  Defs.' RJN Exs. J & K.[5]  The loans were secured by deeds of trust against the property, with First American Title Insurance Co. named as the trustee and MERS named as the beneficiary on both deeds.  Id.  It appears that these loans were paid off in full when plaintiff refinanced his loans in March 2007; a full reconveyance of each deed of trust was therefore recorded on March 6, 2007.  Def.'s RJN Exs. L & M.

## III.   LEGAL STANDARD

### A.      Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

---

[4] Plaintiff mentions the first two notices of trustee's sale in his factual allegations; the latter two are evident from the recorded notices.

[5] Plaintiff makes no allegations or arguments concerning these documents related to the origination of his original loan on the subject property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 663-64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## B.    Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be
"grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant
engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id.
"In that event, . . . the pleading of that claim as a whole must satisfy the particularity
requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims
grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are
subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the
circumstances constituting fraud so that the defendant can prepare an adequate answer
from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973).
This requires that a false statement must be alleged, and that "circumstances indicating
falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.
1994).  Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and
how of the misconduct charged,' as well as 'what is false or misleading about [the
purportedly fraudulent conduct], and why it is false."  Cafasso, ex rel. United States v.
Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel.
United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.   ANALYSIS

### A.   Breach of Contract

Plaintiff's first claim is for breach of contract against defendants SBMC,
Washington Mutual Mortgage Securities Corporation, WaMu Asset Acceptance Corp.,
WMALT Series 2007-05 LaSalle Bank N.A., and Washington Mutual Bank.  He alleges
that "defendant" hid and misrepresented material facts when he entered into his "deed of
trust/contract" with SBMC in January 2007.  Compl. ¶¶ 29–30.  Namely, plaintiff
contends that he did not receive a "loan," but instead entered into a "securitization
investment contract" for a business enterprise engaged in a securitization process that was
never disclosed to him.  Id. ¶¶ 31–33.  Plaintiff avers that without disclosure of the
downstream securitization at the time he signed the deed of trust, there was no "meeting
of the minds" required for the execution of a valid contract.  Id. ¶¶ 35–40.  Further,
plaintiff alleges that because of the securitization process, none of the defendants had the
right to foreclose on plaintiff's property, because the mortgage backed security "was
never pulled from the trust and is still trading today."  Id.  ¶¶ 45–48.  As a "result of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

defendants' misconduct," plaintiff alleges that his loan was "void and unenforceable as of its inception." Id. ¶ 50.

The Court finds that none of plaintiff's theories of breach of contract can withstand a motion to dismiss. To state a claim for breach of contract, plaintiff must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant, and damages." First Commercial Mortg. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). Plaintiff does not make this showing. First, plaintiff never alleges or contends that he was not in default on his loan obligations or that he attempted to reinstate his loan after foreclosure proceedings commenced against the property. He also admits signing the deed of trust at issue, obligating him to make repayments on the note he obtained from the lender. Plaintiff's own allegations establish the existence of a valid obligation to repay on his part and do not demonstrate the existence of any breach by defendants.

Second, plaintiff's "securitization" theory of breach of contract also fails to state a claim. Federal courts in California have routinely rejected claims by borrowers premised on a theory of impermissible securitization by the lender or beneficiary of their loan. See, e.g., Lane v. Vitek Real Estate Indust. Grp., 713 F. Supp. 2d 1092 (E.D. Cal. 2010); Bascos v. Federal Home Loan Mortgage Corp., No. CV 11–3968, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011); Lindsay v. America's Wholesaler Lender, et al., No. CV 11–1303, 2012 WL 83475 (C.D. Cal. Jan. 10, 2012). In fact, the deed of trust that plaintiff signed disclosed that "[t]he Note. . . (together with this Security Instrument [or deed of trust]) can be sold one or more times without prior notice to Borrower." Compl. Ex. 3 at 11, ¶ 20. Plaintiff cannot contend that there was no meeting of the minds when he admits that entered into a standard mortgage contract with defendant SBMC which disclosed the material terms, including the fact that his mortgage may be resold to third parties without notice. Compl. ¶¶ 20, 21, 29. To the extent that plaintiff alleges that more needed to be disclosed to him regarding the potential securitization of his loan for a valid contract to have been formed, the Court disagrees. Because the deed of trust is not void for vagueness or otherwise indefinite, plaintiff's undisclosed intent to not have his loan securitized cannot be offered to contradict the terms of the parties' written agreement. Defendant SBMC owed plaintiff no fiduciary duty when it entered into a loan contract with him, and therefore had no duty to make any further disclosures to plaintiff, regarding securitization or otherwise. See, e.g., Oaks Management Co. v. Sup. Ct., 145 Cal. App. 4th 453, 466 (2006) ("[A]bsent special circumstances. . . a loan transaction is at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

arms-length and there is no fiduciary relationship between borrower and lender."). As such, plaintiff states no cognizable theory by which the loan agreement he entered into to obtain $1,600,000 is void or voidable "as of its inception."

Third, to the extent that plaintiff argues that defendants violated the Pooling and Service Agreement ("PSA") governing the Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-05 Trust, Opp'n at 13, he also fails to state a claim. Plaintiff's argument has been considered and rejected many times before. See, e.g., McGough v. Wells Fargo Bank, N.A., No. 12-cv-0050, 2012 WL 2277931 (N.D. Cal. June 18, 2012) (finding for defendants where "the complaint alleges improper securitization, arguing that the [PSA] governing the securitized trust was violated and that, therefore, the note was never properly securitized and Defendants are not properly the beneficiaries of the securitized trust, nor have any enforceable rights as to the property."). As a non-party to the PSA, plaintiff lacks standing to challenge any invalidity arising out of this agreement. See Sami v. Wells Fargo Bank, 12-cv-00108, 2012 WL 967051, at *6 (N.D. Cal. Mar. 21, 2012) (finding "that [plaintiff] lacks standing. . . because she is neither a party to, nor a third party beneficiary of, that agreement"). Whether the parties to the PSA complied with their obligations to each other is of no moment in determining whether plaintiff defaulted on his obligations under his contract with his lender.[6]

Accordingly, plaintiff fails to state a claim for breach of contract against any defendant.

### B.    Truth in Lending Act

Plaintiff's TILA claim, asserted against AmNet and SBMC, also fails to withstand these defendants' motions to dismiss. Plaintiff alleges that "[d]efendants extended credit to plaintiff without regard to his ability to pay, and falsified relevant income and asset data," and that he "has a continuing right to rescind the alleged loan transaction for up to three years after consummation of the transaction." Compl. ¶¶ 56–57. Plaintiff further

---

[6] Even if plaintiff could state a claim regarding the loan transaction he entered into in January 2007, this claim would likely be time-barred by the four-year statute of limitations that applies to breach of a written contract. Cal. Civ. Proc. Code § 337.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|----------|---------------------|------|-------------------|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

alleges that defendants violated TILA by "failing to provide required disclosures" at various times and in various ways. Id. ¶ 55. Nowhere, however, does plaintiff allege what these required disclosures were that were not made. On this basis alone, plaintiff fails to state a claim. Moreover, even if plaintiff had a right to rescind, this right expired upon the sale of the property at the foreclosure sale. 12 C.F.R. § 226.23(a)(3) (right to rescind expires when property is sold); see Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1192 (S.D. Cal. 2010). Plaintiff also admits in his complaint that his right of recession for violations of TILA expires "three years after consummation" of his loan transaction; as such, plaintiff's claim is also time-barred.

Plaintiff also has no claim for damages under TILA. Any TILA violation would have occurred at the time plaintiff signed the loan documents at issue; as such, any claims arising out of the transaction are barred by the one-year statute of limitations for these claims. 15 U.S.C. § 1640(e); see Meyer v. Am. Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003). Moreover, plaintiff does not allege any facts that would potentially toll this claim for damages under TILA. Accordingly, the Court grants defendants' motions to dismiss plaintiff's TILA claims.

## C.     Real Estate Settlement Practices Act

Plaintiff's claim under RESPA against all defendants fails to state any facts to support such a claim. Plaintiff alleges that defendants violated RESPA, 12 U.S.C. §§ 2604, 2605(e)(2), by "failing to correctly and accurately comply with disclosure requirements" and "failing and refusing" to respond to his qualified written request ("QWR") for information. Compl. ¶¶ 66–67. Rather than identifying to whom or when he allegedly sent this QWR, plaintiff pleads his claim against "all defendants." Id. Later in his complaint, plaintiff does allege that he made a QWR to SMBC in particular, and he further alleges that SBMC did not acknowledge receipt of this QWR within the statutorily prescribed time, nor "provide the information and explanations requested." Id. ¶ 87. However, plaintiff fails to allege how he suffered damages as a result of his RESPA claim, other than alleging that he suffered "direct monetary loss. . . and emotional distress." Id. ¶ 91. Such allegations are insufficient under RESPA, as a borrower can only recover "actual damages" suffered as a result of the alleged RESPA violation. 12 U.S.C. § 2605. Without identifying when a purported request was made, what actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|----------|---------------------|------|-------------------|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

damages he suffered, or that the purported QWR satisfied the requirements of 12 U.S.C. § 2605(e)(1)(B), plaintiff's allegations are insufficient to state a claim.[7]

In addition, plaintiff also fails to identify what RESPA disclosure requirements, if any, were violated. Such boilerplate pleading is insufficient to withstand a motion to dismiss this claim. See Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1196 (E.D. Cal. 2010). Moreover, plaintiff fails to allege any facts, beyond his legal conclusion that defendants "engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA," to support a pattern or practice claim under RESPA. Compl. ¶¶ 68. Plaintiff cannot allege a pattern or practice of RESPA violations on "information and belief" when he pleads no facts to support such an allegation. Accordingly, the Court grants defendants' motions to dismiss plaintiff's RESPA claim.

**D.     California Rosenthal Fair Debt Collection Practices Act ("RFDCPA")**

Plaintiff alleges that all defendants violated the California RFDCPA by "foreclosing upon a note of which they were not in possession nor otherwise entitled to payment" and "using unfair and unconscionable means in an attempt to collect a debt," among other alleged conduct. Compl. ¶ 72. As with plaintiff's RESPA claim, however, plaintiff fails to adequately plead a claim for violation of the RFDCPA. Plaintiff's allegations are vague and conclusory and asserted against all defendants to this action, which is insufficient to state a claim under the RFDCPA. See Arikat v. JPMorgan Chase, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006) (finding that allegations asserted against multiple defendants in blanket fashion is insufficient to withstand a motion to dismiss a RFDCPA claim). Plaintiff must allege facts giving rise to his claim, not legal conclusions.[8] In addition, many courts have found that foreclosure-related actions in

---

[7] A QWR must include " a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)

[8] Plaintiff argues in opposition that his RFDCPA claim is premised upon defendants mailing a "Notice of Default collection letters without lawful authority to do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

connection with a residential mortgage do not give rise to a claim under the RFDCPA. See, e.g., Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1151 (E.D. Cal. 2010) (collecting cases); Jensen, 702 F. Supp. 2d at 1200. This Court finds these decisions persuasive. Accordingly, the Court finds that plaintiff fails to state a claim under the RDFCPA.

E.    **Quiet Title**

Plaintiff alleges that SBMC claims an adverse interest to plaintiff's interest in the property, and therefore plaintiff seeks to quiet title against any claims of defendant U.S. Bank National Association. Compl. ¶ 76. Plaintiff seeks to quiet title against all defendants who may be claiming an adverse interest in the property, including possessors of the original note or of beneficial title and interest of the deed of trust. Id. ¶¶ 77–78. Plaintiff argues that a quiet title claim is appropriate because of defendants' "mistakes, errors, omissions, misrepresentation, concealment, and deceptive acts" that have placed a cloud on the title to the property. Opp'n at 19. Plaintiff's claim to quiet title also appears to be grounded in part on his allegations that various documents, including the assignment of the deed of trust from MERS to LaSalle were forged. Opp'n at 8–9.

To state a claim for quiet title, a plaintiff must allege: "(a) A description of the property that is the subject of the action. . . (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . (c) The adverse claims to the title of the plaintiff against which a determination is sought. . . (d) The date as of which the determination is sought. . . (e) A prayer for the determination of the title of the plaintiff against the adverse claims." Cal. Civ. Proc. Code § 761.020. Wolfe v. Lipsy, 163 Cal.App.3d 633 (1985). Furthermore, under California law, equitable principles demand that "a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994). Stated differently, California courts require the plaintiff to show that she was "prejudiced" by a purported cloud on title in order to obtain relief once a foreclosure sale has already taken place. See Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256,

---

so," but this allegation is not contained in his complaint. More problematically, such a notice is not a "collection letter" that is actionable under the RFDCPA because it is a foreclosure-related activity not within the ambit of the Rosenthal Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

272 (2011). However, "a tender may not be required where it would be inequitable to do so" or where "the plaintiff's action attacks the validity of the underlying debt," such that the foreclosure sale leading to the cloud on plaintiff's title is void, rather than simply voidable. Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997).

Plaintiff has failed to allege an ability to tender the indebtedness owed on the note, and for this reason alone his claim for quiet title must be dismissed. To the extent that plaintiff's claim is premised on his argument that the foreclosure sale is void, rather than voidable, see Opp'n at 20–22, the Court finds plaintiff's argument without merit. As discussed in greater detail below, plaintiff cannot simply allege that the underlying foreclosure is void without factual support. Accordingly, plaintiff's failure to allege an ability to tender or actual tender defeats his claim for quiet title. See Bowe v. Am. Mortg. Network, Inc., No. CV11-08381, 2012 WL 2071759 (C.D. Cal. June 8, 2012) (dismissing wrongful foreclosure and quiet title claims for failure to allege tender or to allege facts warranting an exception to the tender rule).

### F. Wrongful Foreclosure, To Set Aside Trustee's Sale, and Cancellation of Trustee's Deed

Plaintiff's claims for wrongful foreclosure, to set aside the trustee's sale, and for cancellation of the trustee's deed are premised on the following allegations. Plaintiff alleges that the foreclosing defendants were not entitled to enforce the deed of trust against plaintiff, because California Commercial Code § 3301 does not give them the right to do so without possession of the underlying note. Compl. ¶¶ 82–83. Neither SBMC, MERS, nor CRC were in possession of the note, plaintiff continues, and therefore none of them had the right to foreclose on the property. Id. ¶ 84. Plaintiff's allegations center around the alleged role of Deborah Brignac, whom plaintiff alleges is a "Robo signer. . . alleging to be Vice President for several companies." Id. ¶ 85. As such, plaintiff contends that the various recorded documents were fraudulent and of no effect, including the notice of trustee sale and substitution of trustee. Id. ¶¶ 85–86. Plaintiff reiterates this allegation regarding the "counterfeit and forged signatures" throughout his complaint, id. ¶ 93, contending that the trustee's deed upon sale is "void" and that he has "been wrongfully deprived of legal title by fraud," id. ¶ 95.

The Court finds that plaintiff fails to state a claim for wrongful foreclosure, to set aside the trustee's sale, or for cancellation of the trustee's deed. "Civil Code sections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994) (summarizing the statutory requirements). Section 2924(a)(1) provides: "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the non-judicial foreclosure process by recording and serving a notice of default. After the notice of default is posted, the trustee must then wait three months before posting a notice of sale. Cal. Civ. Code § 2924(b). The sale may be postponed at any time, but a new notice of trustee's sale is required where the original sale is postponed greater than 365 days. Cal. Civ. Code. § 2924(g). Additionally, "where the trustee delivers a deed to the buyer at the foreclosure sale, and the deed recites that all procedural requirements for the default notice and sale notice have been satisfied, there is a statutory rebuttable presumption that such notice requirements have been fulfilled." Melendrez v. D & I Investment, Inc. 127 Cal. App. 4th 1238, 1255 (2005) (discussing § 2924(c)). And with regards to the sale itself, a "nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly'. . . [which] may only be rebutted by *substantial* evidence of *prejudicial* procedural irregularity." Id. (citations omitted) (emphasis added). As a result, "[i]t is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity." Id.

Plaintiff admits in his opposition that he "is not arguing whether the sale took place accordingly [sic] to the statutory laws that would govern a normal non-judicial foreclosure." Opp'n to Bank Defendants' Motion ("Opp'n 1") at 22.[9] To the extent that plaintiff argues that defendants had no right to foreclose without a beneficial interest in the note, this argument fails. This is so because under California Civil Code § 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Authorized parties include "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civil Code § 2924(b)(4). "[T]he statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. . . [and] does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure

---

[9] Accordingly, defendants recitations in the trustee's deed of sale that the foreclosure was conducted lawfully are entitled to the statutory presumption of validity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

sale." Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); see also McGough v. Wells Fargo Bank, N.A., No. CV 12-0050, 2012 WL 2277931 (N.D. Cal. June 18, 2012) (discussing cases, noting that "[t]heories that securitization undermines the lender's right to foreclose on a property have been rejected by the courts."); Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1498 (2012) ("[C]ourts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust. Plaintiffs granted MERS such authority by signing the deed of trust.").

Plaintiff's argument that any and all purported transfers or assignments of an interest in the deed of trust pertaining to the property are void, depriving the foreclosing defendants of any right to foreclose on the property, is also without merit. Plaintiff's repeated assertions that he has been damaged by being "wrongfully deprived of legal title by fraud," are properly characterized as allegations of irregularities in the process by which the foreclosure was carried out, not in the deed of trust itself. To the extent that there were any procedural irregularities in the foreclosure process, plaintiff fails to allege any prejudice that resulted therefrom, because he has not alleged a credible ability to tender the amount owing under his loan. See Fontenot, 198 Cal. App. 4th at 272. Plaintiff simply does not demonstrate how he was prejudiced by "robo-signing" or any other defects in the assignments or substitution of trustee that led to the foreclosure sale of the property. See, e.g. Bjorn v. Lender Processing Servs., No. 10-cv-2620, 2011 WL 42873, at *2 (S.D. Cal. Jan. 6, 2011) ("[T]here is no allegation the trustee did not in fact agree to the sale, or that someone other than the rightful owner of the note obtained a non-judicial foreclosure."); Bascos, 2011 WL 3157063, at *6. As the California Court of Appeal has noted:

> As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note, nor that the original lender would have refrained from foreclosure under the circumstances presented. If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011).[10]  Similarly, taking plaintiff's allegations here as true, plaintiff fails to explain how purported "robo-signing" prejudiced him in any way when all the required documents were timely executed and a proper party initiated foreclosure proceedings against the property. Plaintiff does not allege that these transfers in any way interfered with his ability to pay the balance due on the note, for example, or otherwise directly led to the foreclosure sale at issue.  In sum, because the Court finds that plaintiff's conclusory allegations of fraud do not merit an exception from the tender requirement, and because plaintiff has failed to demonstrate any prejudice as a result of defendants' alleged conduct, plaintiff's claims for wrongful foreclosure, to set aside the trustee's sale, and to cancel the trustee's deed must be dismissed.[11]

### G.    Slander of Title

Plaintiff alleges that defendants MERS and CRC disparaged plaintiff's title in the property in 2009, by "fabricating, posting, publishing and recording of forged documents," when these defendants "should have known that such documents were improper or illegal."  Compl. ¶ 102.  These actions have allegedly placed a cloud on "plaintiff's title" to the property and caused plaintiff to suffer emotional distress.  Id. ¶¶ 103–104.

Plaintiff does not state a valid claim for slander of title.  To state such a claim, plaintiff must allege: (1) publication; (2) absence of justification; (3) falsity; and (4) direct pecuniary loss as a result.  Seeley v. Seymour, 190 Cal. App. 3d 844, 858 (1987). In addition, certain publications are privileged according to California law, such that a

---

[10]  See also Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1508 (2012) ("[T]here is no showing of prejudice, even assuming there were procedural defects in the assignment of the DOT from MERS to OneWest and substitution of trustee. . .  If MERS lacked authority to assign the DOT and note to OneWest and, in turn, OneWest lacked authority to assign the DOT and note to Fannie Mae, the true victims were not plaintiffs but the lender.").

[11]  See Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112 (2011) (holding that there are four recognized exceptions to the tender requirement under California law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|----------|---------------------|------|-------------------|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

claim for slander of title will not lie. Cal. Code of Civil Proc. § 47 (privileged publications). Pursuant to Civil Code § 2924(d), the mailing and publication of notices related to the nonjudicial foreclosure process are privileged communications, including the recording of a notice of default. While this privilege is not absolute, see Kachlon v. Markowitz, 168 Cal. App. 4th 316, 340 (2008), leaving a publisher of a notice of default or other document open to liability if they act with malice, plaintiff's allegations fail to allege any facts amounting to malice. As noted, plaintiff has alleged no facts that call into question defendants' right to foreclose on the property, which logically defeats a claim that defendants acted with malice. Accordingly, the Court grants defendants' motions to dismiss plaintiff's claim for slander of title.

## H.    RICO

Plaintiff brings three counts alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). Plaintiff alleges that defendants engaged in a scheme to "wrongfully foreclose upon the property without legal right" by placing notices in the mail containing "forged signatures" designed to compel plaintiff to abandon his property. Compl. ¶¶ 119–120, 128–129, 135–137. As a result of this alleged scheme, plaintiff contends that he has suffered pecuniary damages and emotional distress. Id. ¶¶ 131, 139.

The Court finds that plaintiff fails to allege facts amounting to a RICO claim. To state a claim under RICO, a plaintiff must allege that a defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002). Plaintiff re-alleges the same allegations of fraud and robo-signing that he alleges in relation to his wrongful foreclosure claims, without demonstrating how he suffered any injury as a result of this alleged fraudulent conduct. Without alleging how any alleged scheme to defraud caused plaintiff damages, his RICO claim cannot withstand a motion to dismiss. See Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001). In addition, plaintiff has failed to properly plead a claim for mail fraud, the predicate conduct that appears to underlie his RICO claim. Plaintiff has again alleged the elements of a claim without pleading the facts giving rise to such a claim, including how the use of the mails was in furtherance of any scheme to defraud. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399, 1401 (9th Cir. 1988). Furthermore, plaintiff has also failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

allege the existence of an enterprise—"a system of authority that guided the operation of the alleged enterprise." Chang v. Chen, 80 F.3d 1293, 1300 (9th Cir. 1996). Merely alleging that defendants participated in an enterprise, without any allegations as to operation or management of an enterprise, is insufficient to satisfy the pleading standards under Fed. R. Civ. P. 9(b). Accordingly, the Court finds that plaintiff's conclusory and generic allegations fail to state a claim for RICO violations.[12] If plaintiff elects to amend his RICO claims, plaintiff must do so in accordance with the RICO case statement set forth as Exhibit A to this Order.

### I.    Fraud

Plaintiff's fraud claim is premised on the same factual allegations discussed previously—that defendants intended that plaintiff rely on "forged and counterfeit documents" they allegedly filed with the Los Angeles County Recorder's Office. Compl. ¶¶ 157–158. Plaintiff further alleges that he relied on such recordings to his detriment, and that defendants have filed false documents with this Court. Id. ¶ 163; see Opp'n at 6–8. Pleading in the alternative, plaintiff also alleges that no intent to deceive is required for a claim of constructive fraud. Compl. ¶¶ 159–160.

First, plaintiff's claim for constructive fraud depends on the existence of duty arising out of a confidential or fiduciary relationship between himself and defendants, the breach of which gives rise to constructive fraud. Cal. Civ. Code § 1573; Byrum v. Brand, 219 Cal. App. 3d 926, 937–38 (1990) ("The breach of duty . . . must be one created by the confidential relationship."). Plaintiff does not allege the existence of such a relationship and corresponding duty here. Under California law, financial institutions do not owe a fiduciary duty to borrowers. See Price v. Wells Fargo Bank, N.A., 213 Cal. App. 3d 465, 476 (1989). In addition, "[t]he trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary." Pro Value Properties, Inc. v. Quality Loan Serv. Corp., 170 Cal. App. 4th

---

[12] Plaintiff appears to contend in his opposition that defendants violated RICO by failing to adhere to the terms of the Pooling and Service Agreement; alleged violations of the terms of a contract which plaintiff was not a party to cannot give rise to a RICO claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

579, 583 (2009). As such, plaintiff is unable to state a claim for constructive fraud against these defendants.

Second, plaintiff's alternative claim for common law fraud fails for much the same reasons as his claims for violations of RICO. The elements of a claim for fraud are: (1) a misrepresentation; (2) knowledge of the falsity of the misrepresentation; (3) reasonable reliance on the misrepresentation; and (4) resulting damages. Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004). In addition to the generic nature of plaintiff's fraud allegations, plaintiff fails to plead any justifiable reliance on defendants' purported fraud. Plaintiff merely states that he "reasonably relied" on defendants' representations —presumably the allegedly forged documents relating to the assignment of interest in the deed of trust—without alleging any facts in support of this legal conclusion. See Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995) ("Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations. . . ."). Plaintiff does not allege how any purported misrepresentations caused him to suffer any harm, because plaintiff fails to demonstrate how the purported fraudulent transfers is what led to the foreclosure sale that ultimately took place, rather than plaintiff's uncontested default on his loan obligation. Accordingly, the Court grants defendants' motions to dismiss plaintiff's claim for fraud.

**J.      Other Claims**

Plaintiff fails to plead facts supporting his remaining claims for violation of the UCL, conspiracy, creation of a constructive trust, and for injunctive relief. A constructive trust and injunctive relief are not independent claims but instead are remedies that plaintiff could potentially seek if he is successful on any of his claims for relief. In addition, plaintiff's UCL and conspiracy claims are derivative of plaintiff's other claims and requires that plaintiff plead a cognizable underlying claim that gives rise to a violation of the UCL or a conspiracy to commit an underlying tort. See Perdue v. Crocker Nat. Bank, 38 Cal. 3d 913, 929–30 (1985) (plaintiff must identify the underlying claim upon which a UCL claim is based); Applied Equipment Corp. v. Litton Saudi Arabia, Ltd., 7 Cal. 4th 503, 510–11 (1994). Accordingly, because the Court finds that plaintiff has failed to state any cognizable claim for relief, these claims must be dismissed as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7935-CAS (Ex) | Date | December 10, 2012 |
|---|---|---|---|
| Title | GRANT GILMORE V. AMERICAN MORTGAGE NETWORK, ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss without prejudice.  Plaintiff shall have **thirty (30) days** to file an amended complaint to correct the deficiencies identified herein.  Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

# Exhibit A

Plaintiff shall file, within twenty (20) days hereof, a RICO case statement.  If plaintiff does not file and serve a RICO case statement within twenty (20) days hereof, this will be deemed plaintiff's withdrawal of the RICO claim.  If plaintiff files a RICO case statement within twenty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure.  In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1.   State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2.   List each defendant and state the alleged misconduct and basis of liability of each.

3.   List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4.   List the alleged victims and state how each victim was allegedly injured.

5.   Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

   a.   List the alleged predicate acts and the specific statutes which were allegedly violated;
   b.   Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
   c.   If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
   d.   State whether there has been a criminal conviction for violation of the predicate acts;
   e.   State whether civil litigation has resulted in a judgment with respect to the predicate acts;
   f.   Describe how the predicate acts form a "pattern of racketeering activity"; and
   g.   State whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe in detail.

6.   Describe in detail the alleged enterprise for the RICO claim.  A description of the enterprise shall include the following information:

   a.   State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;
   b.   Describe the structure, purpose, function and course of conduct of the enterprise;
   c.   State whether any defendants are employees, officers or directors of the alleged enterprise;

      d.     State whether any defendants are associated with the alleged enterprise;

      e.     State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

      f.     If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.     State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.     Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.     Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.     Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.     If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.     State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.     Describe the use or investment of such income.

12.     If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.     If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.     State who is employed by or associated with the enterprise; and

      b.     State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.     If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.     Describe the alleged injury to business or property.

16.     Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.     List the damages sustained for which each defendant is allegedly liable.